UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KIRBESHA BAILEY,<br><br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | **5:24-CV-05007-CCT**<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |

  Petitioner, Kirbesha Bailey, a federal inmate at FCI Victorville in California, filed a *pro se* motion to vacate, correct, or set aside her sentence under 28 U.S.C. § 2255. Docket 1. The government's motion to dismiss, Docket 13, was referred to Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(B). On June 11, 2024, Magistrate Judge Wollmann issued a report and recommendation wherein she recommended that the Court grant the government's motion and dismiss Bailey's § 2255 motion with prejudice. Docket 16. Bailey filed an objection to the report and recommendation. Docket 19. After a de novo review, this Court issued an order adopting the report and recommendation in its entirety, Docket 21, and a judgment was entered in accordance with the Court's order, Docket 22. Bailey now moves for reconsideration of the order adopting the magistrate judge's report and recommendation and granting the government's motion to dismiss her § 2255

1

motion with prejudice. Docket 23. The government has not responded. For the following reasons, the Court denies Bailey's motion for reconsideration.

## DISCUSSION

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as Rule 60(b) motion for relief from judgment." *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). Federal Rule of Civil Procedure 59(e) "motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation and internal quotation marks omitted). "Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to the entry of judgement." *Carter v. United States*, 4:23-CV-04007-KES, 2024 WL 4441756, at *1 (D.S.D. Oct. 8, 2024) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)).

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment and reopen his case for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Like Rule 59(e), Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999); *see also Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). "Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enter., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

Here, Bailey seeks reconsideration of the Court's order adopting the magistrate judge's report and recommendation and dismissing her § 2255 motion with prejudice. However, Bailey fails to identify any "manifest errors of law or fact" or present newly discovered evidence, *Metro St. Louis Sewer Dist.*, 440 F.3d at 933 (citation and internal quotation marks omitted), nor does she demonstrate "an adequate showing of exceptional circumstances[,]" *U.S. Xpress Enter.*, 320 F.3d at 815 (citation omitted). Instead, Bailey essentially presents new objections to the magistrate judge's report and recommendation. Docket 23. In her motion for reconsideration, Bailey states that she objects "to the magistrate judge's report and recommendation on the issues of failure to discuss plea option and failure to ensure the PSR adequately reflected [her] history[.]" *Id.* at 1. She "respectfully request[s] that the Court revise" its order at Docket 21 "to include these issues and analysis[,]" *id.*, seemingly acknowledging that she did not specifically raise these objections in her original objection to the magistrate judge's report and recommendation at Docket 19. Neither Rule 59(e) nor Rule 60(b) permits a movant to raise new

3

arguments that could have been raised in prior proceedings. *Carter*, 2024 WL 4441756, at *1 (citation omitted); *Arnold*, 238 F.3d at 998 (citation omitted).

In her report and recommendation, Magistrate Judge Wollmann expressly advised Bailey that she had 14 days to file written objections and that "[f]ailure to file timely objections will result in the waiver of the right to appeal questions of fact." Docket 16 at 14-15. Bailey's original objections to the report and recommendation addressed only her claims that her counsel failed to adequately review discovery and failed to provide opposition to insufficient and lacking evidence. Docket 19. In the order adopting the report and recommendation, this Court noted that Bailey did not object to Magistrate Judge Wollmann's rulings regarding the other two issues: failure to discuss plea option and failure to ensure the PSR adequately reflected her history. Docket 21 at 4-5. By failing to object to these specific portions of the report and recommendation, Bailey "waived [her] right to de novo review" by the Court with respect to those issues. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *see also United States v. Floyd*, 3:20-CR-30082-RAL, 2023 WL 4398503, at *2 (D.S.D. July 7, 2023) ("In the absence of an objection, the district court is not required to give any more consideration to the magistrate's report than the court considers appropriate." (citation and internal quotation marks omitted) (cleaned up)).

Furthermore, the Court has conducted a thorough review of Magistrate Judge Wollmann's report and recommendation. Even assuming that these objections had been timely filed, the Court's decision to adopt the report and

4

recommendation would remain unchanged, as Bailey's motion for reconsideration fails to raise any issues that would alter the outcome. In addition, the Court agrees with Magistrate Judge Wollmann's determination that Bailey has not demonstrated prejudice arising from her counsel's alleged failure to discuss plea option and failure to ensure the PSR adequately reflected her history. *See* Docket 16 at 10-12, 13-14 (discussing Bailey's claims regarding her counsel's alleged failure to discuss and advise of plea option and failure to adequately ensure the PSR reflected her history).

Given that Bailey has failed to identify any errors in the Court's order adopting the magistrate judge's report and recommendation, and given that Bailey has not provided any grounds upon which the Court should reconsider its judgment, the Court denies Bailey's motion for reconsideration.

Thus, it is hereby

ORDERED that Bailey's motion for reconsideration, Docket 23, is denied.

DATED this 10th day of January, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE